UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Kenneth Hannibal Hart</u>

   v.                                              Civil No. 16-cv-028-PB

<u>Ryan Goulette, Page Kimbal, Eric Barbaro,
Paul Cascio, Michael Dube, and Dr. Linda
DeLorey</u>[1]


**REPORT AND RECOMMENDATION**

New Hampshire State Prison ("NHSP") inmate Kenneth Hart has filed a motion to add new defendants and new claims to this action (Doc. No. 45).  The motion is before the court, pursuant to LR 4.3(d)(1) and 28 U.S.C. §§ 1915A and 1915(e)(2).


**Standard**

A motion seeking to add new defendants and new claims to an action is, in general, evaluated using the "same standard of liberality" that applies to motions that seek only to add new claims.  See <u>Garcia v. Pancho Villa's of Huntington Vill., Inc.</u>, 268 F.R.D. 160, 165 (E.D.N.Y. 2010).  In general, under Fed. R.

---

[1] The remaining defendants named in Hart's pleadings (doc. nos. 1-3 and 9), have been dismissed.  See Aug. 31, 2016 Order (Doc. No. 18) (approving July 22, 2016 R&R (Doc. No. 11)).

Civ. P. 15(a), leave to amend the claims in a case is to be "freely given." Leave to amend may be denied, however, if the proposed complaint amendment would be futile. See Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007); Resolution Tr. Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). To make an assessment as to the futility of a proposed amendment, this court applies the standard for preliminary review set forth in the July 22, 2016 Report and Recommendation (Doc. No. 11) ("R&R"), which the court approved on August 31, 2016. See Order (Doc. No. 18).

## Background

Pending in this case is an Eighth Amendment claim alleging that Hart's Eighth Amendment right to dental care in prison was violated by Dr. Linda DeLorey. That claim, previously enumerated as Claim 14(a), alleges:

> Dr. Linda DeLorey ordered and undertook the drilling and filling of a healthy tooth, intending to cause Hart pain and injury, with deliberate indifference to a substantial risk of serious harm to Hart.

In the motion to add new parties and claims, Hart asserts that Dr. DeLorey's dental assistants banded together with her to cause injury to Hart's healthy tooth, and that the same dental

assistant that helped Dr. DeLorey drill the tooth at issue also prepared a faulty, antiquated partial denture for Hart. Moreover, Hart asserts that dental staff x-rayed his teeth once in 2016, and intended in December 2016 to x-ray Hart again, knowing that if he is subjected to repeated, continuous x-rays, he will develop cancer.

## Discussion

"[T]o prove an Eighth Amendment violation, a prisoner must satisfy both of two prongs: (1) an objective prong that requires proof of a serious medical need, and (2) a subjective prong that mandates a showing of prison administrators' deliberate indifference to that need." Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014), cert. denied, 135 S. Ct. 2059 (2015).  Stripped of legal conclusions, Hart's allegations, regarding Dr. DeLorey's assistants, relating to x-rays, their assistance to Dr. DeLorey, and the fabrication of partial dentures, all fail to state an Eighth Amendment claim.  Accordingly, the district judge should deny the motion (Doc. No. 45), which seeks to add dental assistants as defendants to Claim 14(a), and to add Eighth Amendment claims relating to x-rays and partial dentures.

## Conclusion

For the foregoing reasons, the district judge should deny Hart's motion to add parties and claims (Doc. No. 45).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 4, 2017

cc: Kenneth Hannibal Hart, pro se
    Elizabeth Mulholland, Esq.
    Seth Michael Zoracki, Esq.
    Judith F. Albright, Esq.