UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Kenneth Hannibal Hart

   v.                                  Civil No. 16-cv-028-PB

Ryan Goulette, Page Kimbal, Eric Barbaro,
Paul Cascio, Michael Dube, and Dr. Linda
DeLorey[1]


**REPORT AND RECOMMENDATION**


New Hampshire State Prison ("NHSP") inmate Kenneth Hart has filed a motion to add new defendants and new claims to this action (Doc. No. 63). The motion is before the court, pursuant to LR 4.3(d)(1) and 28 U.S.C. §§ 1915A and 1915(e)(2).


**Standard**

A motion seeking to add both new defendants and new claims to an action is, in general, evaluated using the "same standard of liberality" that applies to motions that seek only to add new claims. See Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010). In general, under Fed. R. Civ. P. 15(a), leave to amend the claims in a case is to be

---

[1]The remaining defendants named in Hart's pleadings (Doc. Nos. 1, 2, 3, 9), have been dismissed. See Aug. 31, 2016 Order (Doc. No. 18) (approving July 22, 2016 R&R (Doc. No. 11)).

"freely given." Leave to amend may be denied, however, if the proposed complaint amendment would be futile. See Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007); Resolution Tr. Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). To make an assessment as to the futility of a proposed amendment, this court applies the standard for preliminary review set forth in the July 22, 2016 Report and Recommendation (Doc. No. 11) ("R&R"), which the court approved on August 31, 2016. See Order (Doc. No. 18).

**Background**

Pending in this case is a claim alleging that Hart's Eighth Amendment right to dental care in prison was violated by Dr. Linda DeLorey. In the motion to add new parties and claims, Hart asserts First Amendment retaliation and access to the courts claims against Dr. DeLorey, dentist Dr. Edward Drainsite, an unnamed DOC dental records keeper, and an unnamed dental assistant. Specifically, Hart alleges that the keeper of records and the dental assistant have either returned Hart's inmate request slips to him, or turned over those inmate request slips to Dr. DeLorey and the attorney who represents her in this case, without answering those inmate request slips, in order to prevent Hart from both accessing the grievance process and

2

gaining information about his dental care. Hart further alleges that Dr. Drainsite retaliated against Hart for filing inmate request slips by telling Hart's housing unit security supervisor to order Hart not to file inmate request slips or grievances to the DOC Dental Department, and to threaten "consequences" if Hart persists. Hart claims that this interference with his ability to file and obtain answers to inmate request slips violates his First Amendment right to petition the government for a redress of grievances, and denies Hart access to the courts.

## Discussion

### I. Access to Courts

To state a claim that a plaintiff's right of access to the courts has been violated, the plaintiff must allege facts showing he was actually injured in his ability to pursue a nonfrivolous claim in a post-conviction proceeding or other civil rights matter that the plaintiff had a right to litigate. See Lewis v. Casey, 518 U.S. 343, 352, 354-55 (1996). In other words, plaintiff must allege facts that, if taken as true, would show "'that an actionable claim has been lost or rejected or that presentation of the claim is currently being prevented'" due to defendants' actions. Guglielmo v. N.H. State Prison, 111 F.3d 122, 1997 WL 205290, at *1, 1997 U.S. App. LEXIS 8616, at

3

*2-*3 (1st Cir. Apr. 25, 1997) (unpublished table decision) (citing Lewis, 518 U.S. at 356).

Hart's access to the courts claim hinges on his concern that the alleged interference with his inmate request slips and grievances could render unspecified claims about his dental care susceptible to a "PLRA" exhaustion defense. That concern, however, is speculative and conclusory, and does not satisfy the requirements that the plaintiff allege facts to show past or imminent actual injury.

Morever, the exhaustion requirement at issue, 42 U.S.C. § 1997e(a), simply requires an inmate to exhaust "available" remedies, and does not require an inmate to exhaust unavailable remedies. See Ross v. Blake, 136 S. Ct. 1850, 1858-60 (2016) (prison administrative procedure is unavailable if "it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; if "no ordinary prisoner can discern or navigate it"; or if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"). Hart has not shown an imminent likelihood of actual injury, given the possibility that he may be able to overcome an exhaustion defense if it were asserted.

The facts alleged in Document No. 63 fall short of stating

a claim that Hart has actually been injured in his ability to file claims. Accordingly, the motion to amend (Doc. No. 63), as to Hart's access to the courts claim, should be denied.

## II. **First Amendment Retaliation**

To state a claim that defendants retaliated against an inmate for engaging in protected conduct, the inmate must allege facts that, if taken as true, would show: (1) that he engaged in conduct protected by the First Amendment; (2) that he suffered non-de minimis adverse action at the hands of the prison officials; and (3) that there was a causal link between the exercise of his First Amendment rights and the adverse action taken. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011); Starr v. Dube, 334 F. App'x 341, 342 (1st Cir. 2009). An adverse act taken in response to an inmate's protected conduct is not de minimis if it would deter an inmate of ordinary firmness from exercising First Amendment rights. See Starr, 334 F. App'x at 342.

Hart's allegations about alleged interference with his inmate request slips and grievances, being ordered to stop sending inmate request slips to the Dental Department, and being threatened with unspecified "consequences" if he disobeys that order, are all de minimis, in that they are not the type of adverse acts that would deter an inmate of ordinary firmness

from engaging in conduct protected by the First Amendment. Hart has failed to state facts sufficient to state a retaliation claim. Accordingly, the motion to amend (Doc. No. 63) should be denied, to the extent it seeks to add that claim.

## Conclusion

For the foregoing reasons, the district judge should deny, in its entirety, Hart's motion to add parties and claims (Doc. No. 63). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 12, 2017

cc: Kenneth Hannibal Hart, pro se
    Elizabeth Mulholland, Esq.
    Seth Michael Zoracki, Esq.
    Judith F. Albright, Esq.